(Cuyahoga County Common Pleas.)

## OLIVE C. BAKER v. ALEXANDER C. CAMPBELL.

*Action of keeper of goods attached against plaintiff in attachment.*—A person appointed keeper of goods seized in attachment, cannot maintain an action against the plaintiff in attachment for work and services performed in caring for and keeping such goods, where such work and services were not rendered at the instance of the plaintiff in attachment.

### HUTCHINS, J.

The plaintiff, Olive C. Baker, is a widow and complains in her petition and says that the defendant, Alexander C. Campbell, is indebted to her in the sum of $50 for work and services performed by her for said Campbell, and at his instance and request, as a keeper duly qualified to care for and keep certain household goods, held on attachment in the justice court of one John C. Brady, justice of the peace in and for Cleveland township, between the 30th day of July, 1893, and the 25th day of August, 1893; that said services were reasonably worth the sum of $50, and 'that no part of said sum has been paid. Plaintiff therefore asks for judgment against the said defendant in said sum of $50, together with interest from the 7th day of December, 1893. Defendant's answer is a general denial.

The facts in the case are substantially these: Alexander Campbell, the defendant, brought an attachment proceeding against one Sloate, and attached certain household furniture which was duly seized on a writ of attachment by the constable. This household furniture thus attached was placed by the constable in rooms in the possession of the plaintiff, Olive C. Baker, and she was by said constable duly sworn as keeper of said property thus attached, and continued to act as such keeper for a period of about twenty-five days, when said attachment proceedings were dismissed and abandoned by Campbell in the said suit of Campbell v. Sloate, and the property was thereupon restored to the said Sloate.

The constable in the said case of Campbell v. Sloate, among his itemized bill of costs, includes $25 as keeper's fees. In that original action of Campbell v. Sloate it appears that after the attachment was dismissed, the plaintiff therein—Campbell—obtained a judgment in the suit against said Sloate, and issued execution on said judgment. So far as the record shows, no other steps were taken in that proceeding, and there the matter was allowed to remain without any action having been taken by the constable or any one else interested in the proceeding, to collect the costs in that proceeding, and so far as the record shows there was no judgment formally entered against Campbell, the plaintiff, in that proceeding, for costs.

The question arises in this case whether the plaintiff in this action is entitled to recover from the defendant, Campbell, the amount due as keeper's fees in that action. It is the opinion of the court that this action cannot be maintained in this form by this plaintiff, for the reason, first: There is no privaty, no contract relations, between the said plaintiff, Baker, in this case, and the said Campbell, and that he maintains no connection or relation to said services, except such as are apparent from the foregoing statement of facts; second, because if said keeper's fees are taxable at all as costs in that case, of which I entertain some doubts, they are part and parcel of the constable's fees or costs, and the action, if any action is necessary for that purpose, should be brought in the name of the constable, and not in the name of the party whom the constable, without any authority form the plaintiff in the attachment proceeding, appointed and qualified as receiver.

So far as I have been able to discover, this is the first action ever brought in the state of Ohio in the name of a party who performed the duties of a keeper. In view of the foregoing, the court finds that the plaintiff is not entitled to maintain said action, and finds for defendant, with his costs

W. B. Higby, counsel for plaintiff.

Arnold Green, counsel for defendant.